# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>     v.<br><br>RICO P. GILLESPIE,<br><br>               Defendant. | Case No. 3:17-cr-00062-SLG-1 |

## ORDER RE SECTION 2255 PETITION

Before the Court at Docket 136 is Defendant Rico Gillespie's Amended Petition Under 28 U.S.C. § 2255 to Correct Sentence.[1] The government opposed at Docket 137. Mr. Gillespie replied at Docket 138.

## FACTUAL BACKGROUND

On July 10, 2018, Mr. Gillespie pled guilty to the charge of distribution of a controlled substance.[2] At his change of plea hearing, Mr. Gillespie admitted the truth of the following facts:

> On three separate occasions, on April 24th, May 2nd and May 4th in Anchorage, Mr. Gillespie distributed more than 5 grams of actual methamphetamine. In addition, on May 9, 2017, Mr. Gillespie's house was searched by law enforcement. They found more than 5 grams of actual methamphetamine that Mr. Gillespie intended to distribute.

---

[1] Mr. Gillespie's initial § 2255 petition is at Docket 125.

[2] *See generally* Docket 137-1 (Change of Plea Hearing Transcript); *see also* Docket 104 (Plea Agreement).

Law enforcement also found cash, two digital scales, and other items consistent with the distribution of illegal narcotics.[3]

In exchange for his guilty plea, the government agreed to dismiss the remaining charges against Mr. Gillespie.[4] Pursuant to the plea agreement, Mr. Gillespie and the government "agree[d] to jointly recommend a sentence of 87 months."[5]

At the change of plea hearing, the Court discussed the plea agreement and its implications with Mr. Gillespie and ultimately found that he was "fully competent and capable of entering an informed plea, that he [was] aware of his rights, that the plea [was] made knowingly and voluntarily, that [Mr. Gillespie] . . . had the advice of legal counsel, and that there [was] a factual basis for the plea."[6] The Court also explained that it was not a party to the plea agreement and that it was "the Court's responsibility to determine [Mr. Gillespie's] sentence," which could be higher than the 87 months the parties had agreed to recommend.[7] Mr. Gillespie said that he understood that the Court would consider the factors set out in 18

---

[3] Docket 137-1 at 16:7–16; *see also* Docket 104 at 3–4.

[4] *See* Docket 104 at 2; *see also* Docket 137-1 at 8:7–12 (describing plea agreement). Aside from the charge to which he pled guilty, Mr. Gillespie was charged with three additional counts of distribution of a controlled substance and one count of possession of a controlled substance with intent to distribute. *See* Docket 38 at 2–3 (First Superseding Indictment). The Court dismissed these charges on the record at Mr. Gillespie's sentencing. *See* Docket 137-2 at 54:22–25 (Imposition of Sentence Transcript).

[5] Docket 104 at 2; *see also* Docket 137-1 at 8:7–12.

[6] Docket 137-1 at 17:1–11.

[7] Docket 137-1 at 13:14–23.

Case No. 3:17-cr-00062-SLG, *United States v. Gillespie*
Order re Section 2255 Petition
Page 2 of 9
Case 3:17-cr-00062-SLG   Document 143   Filed 07/13/20   Page 2 of 9

U.S.C. § 3553(a) during sentencing, and informed the Court that he and his attorney had discussed them.[8]

On September 24, 2018, Mr. Gillespie was sentenced to an 87-month term of imprisonment, to be followed by a four-year term of supervised release.[9] At the sentencing hearing, the parties disputed whether it was appropriate to impose a two-point enhancement to Mr. Gillespie's base offense level under the sentencing guidelines because a firearm had been found in his presence at the time of his arrest.[10] The Court concluded that the enhancement was warranted in Mr. Gillespie's case because the Court found, applying a preponderance of the evidence standard, "it more likely than not that the firearm was possessed in the course of drug dealing conduct."[11]

In his sentencing memorandum, Mr. Gillespie requested a sentencing referral to the Bureau of Prisons' ("BOP") Residential Drug Abuse Program ("RDAP").[12] RDAP is a substance abuse treatment program, upon completion of

---

[8] Docket 137-1 at 14:19–15:5.

[9] *See generally* Docket 137-2. The judgment was entered several days later on September 27, 2018. Docket 120.

[10] *See* Docket 137-2 at 21:24–33:20; *see also* Docket 111 at 12 (Final Presentence Report recommending two-point enhancement); U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) ("If a dangerous weapon (including a firearm) was possessed, increase by 2 levels.").

[11] Docket 137-2 at 31:2–32:5.

[12] Docket 114 at 16; *see also* Docket 111 at 25 ("The defendant . . . noted he would like to participate in the 500-hour residential drug abuse program (RDAP) in the Bureau of Prisons (BOP).").

Case No. 3:17-cr-00062-SLG, *United States v. Gillespie*
Order re Section 2255 Petition
Page 3 of 9
Case 3:17-cr-00062-SLG   Document 143   Filed 07/13/20   Page 3 of 9

which certain inmates may be eligible for a one-year sentence reduction.[13] However, this sentence reduction is not available to "[i]nmates who have a current felony conviction for . . . [a]n offense that involved the carrying, possession, or use of a firearm."[14] At the September 24, 2018 sentencing hearing, the Court found that Mr. Gillespie would benefit from RDAP, and recommended that he participate in the program.[15]

On March 9, 2020, Mr. Gillespie filed a petition under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.[16] Mr. Gillespie was appointed counsel on April 9, 2020,[17] and he filed an amended § 2255 petition on May 28, 2020.[18] Mr. Gillespie's amended petition contends that he "did not receive effective assistance of counsel when his attorney failed to advise him of the good time consequences of possessing a firearm."[19] Mr. Gillespie states in a declaration

---

[13] *See* 18 U.S.C. § 3621(e)(2); 28 C.F.R. § 550.55(a); *Mora-Meraz v. Thomas*, 601 F.3d 933, 935–36 (9th Cir. 2010) (describing Congressional intent behind authorizing program).

[14] 28 C.F.R. § 550.55(b)(5)(ii).

[15] Docket 137-2 at 50:2–4, 54:7–8.

[16] Docket 125. A March 2, 2020 declaration filed with Mr. Gillespie's original petition stated that Mr. Gillespie "mailed an original § 2255 to this Court" on September 9, 2019. Docket 125 at 13. However, there is no record of a September 9, 2019 petition on the Court's docket, and Mr. Gillespie abandoned the assertion that he had filed a § 2255 petition in September 2019 in his amended petition with appointed counsel. *See* Docket 138 at 1–2 (maintaining that March 9, 2020 petition was timely without reference to alleged September 9, 2019 petition).

[17] Docket 128.

[18] Docket 136.

[19] Docket 136 at 4. Mr. Gillespie's amended petition withdrew two additional claims that he had asserted in his original petition. *See* Docket 136 at 4.

Case No. 3:17-cr-00062-SLG, *United States v. Gillespie*
Order re Section 2255 Petition
Page 4 of 9
Case 3:17-cr-00062-SLG   Document 143   Filed 07/13/20   Page 4 of 9

attached to his amended petition that he understood at the time he entered his plea that his "attorney would recommend . . . participat[ion] in the RDAP program" and that "those who complete the RDAP program normally receive additional good time credits."[20] However, Mr. Gillespie declares that he "was not told by [his attorney] that there is an exception to this rule for people who are found in possession of a firearm at the time of their offense."[21] Mr. Gillespie states that "[h]ad [he] been told of this exception, [he] would not have accepted the plea agreement as presented."[22] Mr. Gillespie contends that he received ineffective assistance of counsel and requests that the "Court . . . strike the 2-point firearm enhancement from his Judgment."[23]

---

[20] Docket 136-1 at 1.

[21] Docket 136-1 at 1.

[22] Docket 136-1 at 1.

[23] Docket 136 at 7.  Although the Court does not deny Mr. Gillespie's petition on this basis, the Court notes that it would be unable to provide the relief that Mr. Gillespie requests, which is to "strike the 2-point firearm enhancement from his judgment." *See* Docket 136 at 7.  Mr. Gillespie claims, essentially, that he would not have entered into the plea agreement had he known that he would be ineligible for early release upon completion of RDAP if the Court found at sentencing that he had possessed a firearm in connection with the offense to which he pleaded guilty.  *See* Docket 136-1 at 1; Docket 136 at 5.  To establish prejudice, a necessary element of an ineffective assistance of counsel claim, Mr. Gillespie would need to show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).  Accordingly, the proper remedy in this case, if Mr. Gillespie's petition were successful, would be to vacate his plea and allow him to attempt to negotiate a new plea agreement, and, if unable to do so, to proceed to trial.  *Johnson v. Uribe*, 682 F.3d 1238, 1244–45 (9th Cir. 2012) (explaining that remedy for ineffective assistance of counsel "'should put the defendant back in the position he would have been in if the Sixth Amendment violation never occurred'" and holding that defendant is "entitled to be returned to th[e] pre-plea stage" (quoting *Chioino v. Kernan*, 581 F.3d 1182, 1184 (9th Cir. 2009))).

Case No. 3:17-cr-00062-SLG, *United States v. Gillespie*
Order re Section 2255 Petition
Page 5 of 9
Case 3:17-cr-00062-SLG   Document 143   Filed 07/13/20   Page 5 of 9

## DISCUSSION

Before reaching the merits of Mr. Gillespie's amended petition, the Court must determine whether his claim is time-barred by 28 U.S.C. § 2255(f), which provides that "[a] 1-year period of limitation shall apply to a motion under this section." The government contends that Mr. Gillespie's ineffective assistance of counsel claim should be denied as untimely, since neither his original March 9, 2020 petition nor his May 28, 2020 amended petition was filed within one year from the date that his judgment became final.[24] Mr. Gillespie responds that he did not become aware of the effect of the Court's finding regarding the firearm until "after he arrived at a federal prison and inquired about the RDAP program."[25] Mr. Gillespie maintains that the one-year limitation period did not begin to run until his commitment to Federal Correctional Institute ("FCI") Sheridan on August 9, 2019, and that his March 9, 2020 petition was therefore timely.[26]

The limitation period established by § 2255(f) runs from "the date on which the judgment of conviction becomes final."[27] Mr. Gillespie's judgment of conviction became final on October 11, 2018, the date on which his 14-day window to appeal

---

[24] Docket 137 at 3–5.

[25] Docket 138 at 2. Mr. Gillespie states that he "had no reason to believe his attorney's advice was defective at the time of sentencing." Docket 138 at 2.

[26] Docket 138 at 2; *see also* Docket 139 at 1 (Declaration of Alisha Freeman stating that she was informed by prison staff that "Mr. Gillespie was 'committed' to FCI Sheridan on August 9, 2019").

[27] 28 U.S.C. § 2255(f)(1).

Case No. 3:17-cr-00062-SLG, *United States v. Gillespie*
Order re Section 2255 Petition
Page 6 of 9
Case 3:17-cr-00062-SLG   Document 143   Filed 07/13/20   Page 6 of 9

the judgment closed.[28] Mr. Gillespie did not file his petition within one year of that date. However, the limitation period for a § 2255 petition can be extended to begin running on "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."[29] The Ninth Circuit has explained that "[t]he 'due diligence' clock starts ticking when a person knows or through diligence could discover the vital facts, regardless of when their legal significance is actually discovered."[30] "Due diligence does not require 'the maximum feasible diligence,' but it does require reasonable diligence in the circumstances."[31]

Mr. Gillespie maintains that "[o]nce [he] became aware that completion of the recommended RDAP program would not affect his incarceration, he acted promptly to file the 28 U.S.C. § 2255 motion."[32] And Mr. Gillespie contends that he "had no reason to believe his attorney's advice [regarding RDAP] was defective

---

[28] *See* Fed. R. App. P. 4(b)(1)(A); *United States v. Colvin*, 204 F.3d 1221, 1224 (9th Cir. 2000) ("[W]e think it clear that a judgment cannot be considered final as long as a defendant may appeal either the conviction or sentence.").

[29] 28 U.S.C. § 2255(f)(4).

[30] *Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012) (citing *Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001)). In *Ford v. Gonzalez,* the Ninth Circuit considered the statute of limitations established by 28 U.S.C. § 2244(d)(1), but "[t]he two provisions are almost identical, . . . and the Supreme Court has interpreted the statute-of-limitations provisions of § 2244 and § 2255 in concert with one another." *Shannon v. Newland*, 410 F.3d 1083, 1088 (9th Cir. 2005) (citing *Lackawanna Cty. Dist. Attorney v. Coss*, 532 U.S. 394, 402 (2001)).

[31] *Ford*, 683 F.3d at 1235 (quoting *Moore v. Knight*, 368 F.3d 936, 940 (7th Cir. 2004)) (discussing § 2244(d)(1)).

[32] Docket 136 at 6.

Case No. 3:17-cr-00062-SLG, *United States v. Gillespie*
Order re Section 2255 Petition
Page 7 of 9
Case 3:17-cr-00062-SLG   Document 143   Filed 07/13/20   Page 7 of 9

at the time of sentencing."[33]  Mr. Gillespie does not argue that the fact that the firearm enhancement would make him ineligible for early release after completing RDAP was not discoverable by him at the time of his sentencing through reasonable diligence.  But the Court takes judicial notice that the BOP regulation in question was then publicly available, as it was promulgated in 2009.[34]

Although Mr. Gillespie did not actually learn that he was ineligible for early release through RDAP until his commitment to FCI Sheridan in August 2019, the Court finds that the information was publicly available and discoverable through the exercise of reasonable diligence at the time of his sentencing in September 2018.[35]  Accordingly, Mr. Gillespie's original § 2255 petition, filed on March 9, 2019, was untimely since it was filed more than one year after his judgment of conviction

---

[33] Docket 138 at 2.

[34] *See* 28 C.F.R. § 550.55(b)(5)(ii); *see also* U.S. Dep't of Justice, Bureau of Prisons, Program Statement P5331.02 (2009) (establishing criteria and procedures when considering inmates for early release for completion of RDAP program), available at https://www.bop.gov/policy/progstat/5331_002.pdf (last visited July 13, 2020); *Arnett v. Williams*, No. CV 13-5182-JAK (E), 2013 WL 5888286, at *2 (C.D. Cal. Oct. 31, 2013) ("[T]he BOP categorically excludes certain inmates from early release [for completing RDAP]" including those "convicted of offenses involving the carrying, possession, or use of a firearm.").  Federal Rule of Evidence 201 allows judicial notice of a fact "not subject to reasonable dispute because it . . . can be accurately and readily be determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2); *cf. Roemer v. Bd. of Pub. Works*, 426 U.S. 736, 742 n.4 (1976) (judicially noticing state regulations).

[35] *See Asanansi v. United States*, No. 2:13-cv-872-WHA, 2014 WL 5023452, at *2 (M.D. Ala. Oct. 8, 2014) (denying as untimely § 2255 petition premised on challenge to BOP policy where "the BOP policy was in existence at least since 2006, well before [petitioner] was sentenced and entered federal prison in 2010," so "[petitioner] could have discovered the BOP policy through exercising due diligence over a year before he filed his § 2255 motion").

Case No. 3:17-cr-00062-SLG, *United States v. Gillespie*
Order re Section 2255 Petition
Page 8 of 9
Case 3:17-cr-00062-SLG   Document 143   Filed 07/13/20   Page 8 of 9

became final on October 11, 2018, on which date Mr. Gillespie could have discovered the BOP policy at issue through the exercise of due diligence.

## CONCLUSION

In light of the foregoing, Mr. Gillespie's Amended Petition Under 28 U.S.C. § 2255 to Correct Sentence at Docket 136 is DENIED. Mr. Gillespie's original petition at Docket 125 is also DENIED.

The Court further finds that Mr. Gillespie has not made the requisite substantial showing of the denial of a constitutional right, and therefore a certificate of appealability will not be issued by this Court.[36] Mr. Gillespie may request a certificate of appealability from the Ninth Circuit Court of Appeals.

The Clerk of Court is directed to enter a Final Judgment in Case No. 3:20-cv-00060-SLG.

DATED this 13th day of July, 2020 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[36] *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability may be granted only if applicant made "substantial showing of the denial of a constitutional right," *i.e.*, showing that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further" (internal quotations and citations omitted)).

Case No. 3:17-cr-00062-SLG, *United States v. Gillespie*
Order re Section 2255 Petition
Page 9 of 9
Case 3:17-cr-00062-SLG   Document 143   Filed 07/13/20   Page 9 of 9